UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20253-CR-BECERRA/TORRES

**UNITED STATES OF AMERICA,**

vs.

**ANGELICA PACHECO,**

        **Defendant**.

_____/

**JOINT MOTION TO DESIGNATE CASE AS COMPLEX
UNDER SPEEDY TRIAL ACT AND TO CONTINUE TRIAL**

The United States of America and the Defendant respectfully move this Court for an Order designating the above-captioned matter as a complex case, and continuing the trial beyond when it is currently set to begin, on July 29, 2024, until August 2025 or some other date convenient for this Court. The parties also ask that the time until trial be excluded for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

On June 18, 2024, the Defendant was charged by Indictment in the above-captioned case. [D.E. 3]. PACHECO is charged with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349; substantive counts of health care fraud, in violation of 18 U.S.C. § 1347; and wire fraud offenses, in violation of 18 U.S.C. § 1343. These charges stem from PACHECO's alleged conduct involving the purported treatment of patients suffering from alcohol and/or substance abuse addiction at her addiction treatment facility, Florida Life Recovery and Rehabilitation ("Florida Life"), in Miami-Dade County, Florida.

On June 20, 2024, United States Magistrate Judge Lauren Fleischer Louis issued a Standard Discovery Order ("SDO"). [D.E. 6].

As outlined in its Motion for a Protective Order, the Government's discovery obligations will require the production and review of evidence in the possession of the Government that contains sensitive information regarding other ongoing criminal investigations ("Sensitive Information") and/or individually identifiable information disclosing medical and substance abuse treatment information about patients who are not parties to this proceeding ("Confidential Substance Abuse Patient Information"). Therefore, the Government seeks to produce this material subject to a Protective Order in order to comply with its discovery obligations in this case. Much of this material relates to substance abuse treatment, which is further protected under 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1 et seq., and was obtained in the investigation of this case pursuant to an Order entered by United States Magistrate Judge Jacqueline Becerra (the "Title 42 Order").

Further, and as noted in its Motion for a Protective Order, the evidence at issue includes hundreds of patient files and unique patients, making redaction of all patients identifying information burdensome and time consuming. In addition, voluminous claims data contain Confidential Substance Abuse Patient Information. Interview memoranda (302s) also contain Sensitive Information and/or Confidential Substance Abuse Patient Information, specifically patients' names. Furthermore, the identities of the patients and facts contained in the patient files and claims data may be material and necessary to the prosecution or defense of this proceeding. Pursuant to the procedures outlined in its application for the Title 42 Order, and the Title 42 Order itself, the Government provided notice to individuals whose patient records are in the Government's possession due to its investigation of this case and advised those individuals that they may apply to the Court to amend or revoke the Title 42 Order. None of these patients responded with an objection to the Title 42 Order to date.

This Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. When considering whether to grant a continuance requested under this provision, one of the factors the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii). Here, the parties submit that the case is "unusual or complex" within the meaning of the above statute due to the nature of the prosecution, and thus a designation of the case is complex is warranted. This case is complex due to the nature of the prosecution regarding the amount of discovery and number of patients treated at Florida Life. Moreover, this case will involve expert testimony on substance abuse treatment, including therapy sessions, and urinalysis ("UA"), which the Government alleges was fraudulent. These issues will take time to investigate and prepare for trial.

The Government will provide discovery to defense counsel, pursuant to the Protective Order in this case. This discovery will include: a large amount of electronically maintained patient files; voluminous amounts of billing data from multiple private health care insurance companies; voluminous amounts of bank records; redacted interview memos; expert discovery; electronic communications; and electronic data and digital evidence maintained on computers.

Counsel for PACHECO will, pursuant to the Protective Order, receive the data on hard-drives capable of handling at minimum 1-Terabyte of data so that the discovery may be provided

in encrypted form as required by the Protective Order. The hard-drive(s) produced individually to defense counsel will contain a large amount of data. Once they receive the hard-drive(s) back from the Government, defense counsel will diligently review the discovery. The discovery is voluminous, and this review will take time.

Further, given the volume of discovery as outlined in the Government's First Response to the Standing Discovery Order [DE 13], and since discovery did not begin in earnest until July 2024, the parties respectfully submit that a trial date of July 29, 2024, is not feasible. Finally, this Court has a lengthy and complex white-collar durable medical equipment fraud trial currently scheduled in August 2024. Accordingly, the parties jointly request that the trial date in this case be continued until August 2025, or some other date in the future that comports with the Court's schedule. The parties are available for a hearing on these matters if necessary.

Given the large volume of discovery and confidentiality concerns, the proposed complex case designation, or one materially similar thereto, has been entered in other matters in the Southern District of Florida in other addiction treatment fraud cases to ensure the integrity of confidential patient information disclosed in discovery. *See, e.g., United States v. Michael Ligotti*, Case No. 20-CR-80092-RAR, Dkt. No. 43, 45 (S.D. Fla. February 5, 2021); *United States v. Carie Lyn Beetle*, Case No. 19-CR-80234-KAM, Dkt. No. 21, 22 (S.D. Fla. Feb. 7, 2020); *United States v. Peter Port, et al.,* Case No. 19-CR-20583-AHS, Dkt. No. 66, 70 (S.D. Fla. Oct. 21, 2019); *United States v. Eric Snyder, et al.*, Case No. 18-CR-80111-RLR, Dkt. No. 122, 125 (S.D. Fla. Nov. 7, 2018); and *United States v. Ken Bailynson, et al.*, Case No. 18-CR-80124-RAR, Dkt. No. 145, 148 (S.D. Fla. Nov. 7, 2018).

WHEREFORE the parties jointly request that this Court find that the case is so complex, given the nature of the prosecution, that it is unreasonable to expect adequate preparation for the trial within the narrow ordinary time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Further, and for these same reasons, the parties ask that trial be continued until at least August 2025, or some other date convenient for the Court, and that Speedy Trial time be excluded in the interests of justice until trial commences.

        Respectfully submitted,

        GLENN S. LEON
        CHIEF
        CRIMINAL DIVISION, FRAUD SECTION
        U.S. DEPARTMENT OF JUSTICE

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:    */s/ Aisha Schafer Hylton*
        Aisha Schafer Hylton, Trial Attorney
        Florida Special Bar No. A5503133
        James V. Hayes, Assistant Chief
        Florida Special Bar No. A5501717
        United States Department of Justice
        Criminal Division, Fraud Section
        1400 New York Avenue NW
        Washington, D.C. 20005
        202-365-4660 (Aisha Schafer Hylton)
        202-774-4276 (James V. Hayes)
        aisha.schafer.hylton@usdoj.gov
        James.Hayes@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:    */s/ Aisha Schafer Hylton*