UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20253-CR-BECERRA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

ANGELICA PACHECO,

    *Defendant.*

_____/

**MOTION TO DISMISS SUPERSEDING INDICTMENT OR,
IN THE ALTERNATIVE, TO STRIKE THE GOVERNMENT'S NEW CLAIMS
AND THEORIES IN SUPERSEDING INDICTMENT**

Angelica Pacheco, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 48(b) and the Due Process Clause of the Fifth Amendment, to dismiss the superseding indictment due to the government's delay in presenting these new charges to the grand jury. In the alternative, she moves to strike the government's new claims and theories outlined in the superseding indictment due to this delay, or to dismiss Counts 7 and 8 due to the prejudice caused by the delay. In support, she states as follows.

The government has been investigating this case since 2018. Six years after its investigation began, the government filed its first indictment in June 2024. (DE 3). Given the significant prejudice caused to her defense by the preindictment delay, Ms. Pacheco filed a motion to dismiss that indictment. *See* Def. Mot. (DE 51). *See also* DE 57 (Gov. Resp.); DE 62 (Def. Reply); DE 78 (Gov. Supp. Resp.); DE 90 (Def. Supp. Reply). As she has argued throughout this litigation, Ms. Pacheco's case has been unduly and severely prejudiced by the extensive delays in this case. This

includes deaths of numerous key witnesses (almost 40 at current count); the transiency of other key witnesses; and deteriorating memories. She has therefore been preparing diligently for trial for months, in anticipation of our January 26, 2026 trial date.[1]

On January 6, 2026, the government filed a superseding indictment. (DE 103). The government expanded the healthcare fraud conspiracy time period through April 2021; it added a conspiracy count as it related to the PPP and EIDL loan applications; and it expanded the allegations as to those PPP and EIDL loans, including by adding a new allegation pertaining to a different PPP loan and by adding allegations related to other statements made on those loans. These are substantial new allegations.

Given the significant prejudice that the extensive preindictment delay has already caused to her defense, Ms. Pacheco does not seek to continue the trial date again. And she should not have to. She has been diligently preparing for trial, according to the indictment that was filed more than 18 months ago, for months. Additional delays to investigate and prepare against these new claims would cause additional prejudice to her case.[2]

---

[1] As the Court is aware, Ms. Pacheco has also filed numerous other additional motions in relation to the charges in this indictment. *See* Motion to Dismiss and Compel Discovery for Selective and Vindictive Prosecution (DE 52); Motion to Dismiss Count 1 (DE 73); Motion to Dismiss for Prosecutorial Misconduct at the Grand Jury Proceeding (DE 94).

[2] Ms. Pacheco's mental health has also taken a toll while she has awaited this trial. She was hospitalized in December, for reasons that can be elaborated on more fully at the hearing.

2

Indeed, even in the past several months, one of Florida Life's few remaining employees in 2020 and 2021—notably, during the relevant time period for the PPP and EIDL loan conspiracy—has passed away. That individual, Renzo Colina, was integral to the operations that continued at Florida Life when its operations were interrupted by Covid. Indeed, he is one of only four individuals (the other three being Ms. Pacheco, Mr. Pacheco, and their adult son) who is identified on loan documents as being on Florida Life's payroll between May and October 2020. Due to Mr. Colina's passing, Ms. Pacheco ability to defend herself against these expanded charges—particularly, to offer firsthand witness testimony to the jury regarding the work that Florida Life did throughout this time period—is even further prejudiced. Mr. Colina passed away on June 19, 2025.

Had the government properly investigated its case prior to the first indictment, it would have no impetus to supersede. The banking and loan data that it relies on for these new charges was available for years prior to the indictment. Indeed, the new allegations rely largely on the same discovery—that it apparently did not properly review previously. Though the government has recently provided some additional discovery related to the new allegations, including bank records, this discovery involves the same bank accounts, and information from the same lenders, that were previously disclosed. Thus, it could have easily sought this new information years ago. There is no information that has been provided recently that

3

the government could not have previously obtained, prior to its first indictment, through diligent investigation.

The government's eleventh-hour actions here are part of a longer pattern in this case which has demonstrated that the government *is not* pursuing a diligent investigation in this case, such that it could justify this more than 18-month delay in bringing this superseding indictment.  To recount: Ms. Pacheco identified early on that the indictment was so unspecific regarding material issues as to make effective trial preparation practically impossible.  *See* Motion for Bill of Particulars (DE 36).  In response, and recognizing the significant hurdle of preparing for such a complex trial without much guidance as to the government's allegations against her, the Court ordered (DE 47) the government to provide the defense with its exhibit list, witness list, and Jencks Act material 60 days before trial.[3]  Yet just *20* days before trial, the government has now filed a new indictment, with new charges—which subverts the intention of the Court's order to ensure that the defense can adequately prepare for this case within the given time frame.

In fact, these problems regarding the government's investigation started even before the first indictment.  As the Court is aware from the pending motion to dismiss

---

[3] After a request from the government to reduce this deadline to 45 days given the Thanksgiving holiday, the defense agreed.  However, the government did not even hold to this 45-day deadline.  Though the exhibit list was filed 45 days before the trial deadline, the government did not produce the witness list until it was prompted to by the defense several days later.  And even at that time, it did not produce any Jencks Act material.  The first time the defense received Jencks material was *today*, January 7, 2026.

based on prosecutorial misconduct at the grand jury proceeding (DE 94, 98, 99), Ms. Pacheco recently discovered that *numerous* material false statements about this case were made to the grand jury by the government and its case agent.  These errors were as fundamental as *who owned the company* and *who applied for the loans* that the government now claims were fraudulent.  Had the government been prepared at the time of its original indictment—*six years* after its investigation into this case began— presumably it would not have presented such lies to the grand jury.  But because it was not prepared (or perhaps because it was so focused on prosecuting Ms. Pacheco as opposed to other members of the alleged conspiracy), it presented false statements to the grand jury on material issues.[4]

Further, throughout the motion practice in this case, the government has also demonstrated that it has not diligently pursued its investigation into this case.  In its response to her motion to quash the subpoena (*see* DE 80, 86, 88), the government showed that it was not familiar with its own evidence.  Indeed, it accused Ms. Pacheco of improperly failing to provide Facebook evidence several years ago *that the government had already produced back to the defense in discovery*.  In other words, Ms. Pacheco *did* turn over this evidence to the government, but the government had not ever reviewed it.  The government also demonstrated that it had not reviewed Apple iCloud subpoena returns until recent months, because its own links to

---

[4] Indeed, in the government's response (DE 98) to her motion to dismiss for prosecutorial misconduct at the grand jury proceeding, the government continued to misrepresent to the Court what is in the discovery *even at this stage*. *See* Def. Reply (DE 99) at 5, 7, 8-10.

download that data had already expired.  And the government then erroneously blamed the problem with retrieving that data on Ms. Pacheco, due to an apparent recent change in her Apple security settings.

Put simply, the defense asks for a meaningful remedy from this Court that will respond to the harm caused to her case by the delay in bringing the superseding indictment.  Her trial preparation is now severely disrupted, and there is not meaningful time to investigate these new charges.  Under Rule 48, the Court has the power to dismiss an indictment "if unnecessary delay occurs in . . . presenting a charge to a grand jury."  To obtain a dismissal under Rule 48(b), "the defendant must show that there was an unnecessary delay, and that it either prejudiced him or was improperly motivated." *United States v. Craigue*, 557 F. Supp. 3d 339, 345 (D.N.H. 2021) (*citing United States v. Cortez*, 2021 WL 534866 (D. Mass. 2021), *Fleming v. United States*, 378 F.2d 502, 504 (1st Cir. 1967), and *United States v. Johnson*, 579 F.2d 122, 125 (1st Cir. 1978)).[5]  This rule "vests much discretion in the trial court, and dismissal is mandatory only if the defendant's constitutional rights have been violated." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986).  On this basis, and because her right to due process *has* been violated here, Ms. Pacheco moves to dismiss the superseding indictment, and to return the case to the charges that were brought against her almost two years ago.  In the alternative, Ms. Pacheco would

---

[5] To the extent that the government superseded in an effort to get around the prosecutorial misconduct at the first grand jury proceeding that was identified by the defense in its previous motion, *see* DE 94, 99, the defense would also submit that this is an "improper motive."

move to strike any additional claims or theories that were raised in the superseding indictment.

Finally, as an additional alternative, Ms. Pacheco moves to dismiss the counts relating to the PPP and EIDL loans (Counts 7 and 8 in both indictments), due to the prejudice caused to her case by the death of Renzo Colina as a result of the preindictment delays (in bringing both indictments).  In doing so, she incorporates the arguments and case law made in her previous motion and replies, *see* (DE 51, 62, 90), including that the government delayed to seek tactical advantages.  Indeed, its lackadaisical approach to investigation and trial preparation in this case seems to demonstrate that it knows that only the defense's case will be harmed by such delays.

As Ms. Pacheco outlined above, Mr. Colina is the *only* non-family member who was on payroll at the time of its original PPP loan application, and who could testify to the work that was done at the clinic at this time.  *See* Exhibit A.  Mr. Colina's testimony was not significant or exculpatory for the defense as to the charges in the first indictment, because previously, the charges relating to the PPP and EIDL loans were simply derivative of the other healthcare charges.  That is, the allegedly false statements made by Daniel on those loans were that Florida Life was not engaging in *other* illegal activity.  However, the superseding indictment expands these allegations.  The loan charges now also involve whether the loan funds received were used for authorized expenses.  As a result, Mr. Colina's testimony as to the operations and work being done at Florida Life at this time—that is, whether the loan proceeds

were used for authorized expenses—is crucial.  But due to his passing, and due to the delay of the government in bringing the superseding indictment, that exculpatory testimony is not available to Ms. Pacheco.  Given this significant prejudice to her defense as a result of the delay in bringing the superseding indictment, Ms. Pacheco moves to dismiss these Counts 7 and 8.

Ms. Pacheco asks for a hearing on this motion.

Respectfully Submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/Kate Mollison*
Kate Mollison
Assistant Federal Public Defender
Florida Special A No. A5502482
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: 305-530-7000
Email: kate_mollison@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **January 7, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kate Mollison*
Kate Mollison