## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-CR-20253-BECERRA

**UNITED STATES OF AMERICA**

**vs.**

**ANGELICA PACHECO**

**Defendant.**

_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Angelica Pacheco (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Superseding Information. Count 1 charges that the Defendant did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in violation of Title 18, United States Code, Section 1001(a)(2). The Defendant acknowledges that she has read the charge against her contained in the Superseding Information and that the charges have been fully explained to her by her attorney.

2. The Defendant is aware that the sentence will be imposed by the Court. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the United States Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines") in determining that

reasonable sentence. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the United States Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The United States and the Defendant agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker*, that the Sentencing Guidelines provide a fair and just resolution based on the facts of this case, that no upward or downward departures are appropriate other than the reductions for acceptance of responsibility. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

Initials ____

2

3. The Defendant also understands and acknowledges that as to the offense of making a false statement, as charged in Count 1, the Court may impose a statutory maximum term of imprisonment of up to five (5) years. In addition to any period of imprisonment, the Court may also impose a period of supervised release of up to one (1) year to commence at the conclusion of the period of imprisonment.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, a special assessment in the total amount of $100.00 as to Count 1 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the crimes to which the Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

6. The Defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice and United States Attorney's Office for the Southern District

Initials _____ 3

of Florida, and with federal regulatory officials charged with regulating or overseeing the addiction treatment industry by providing full, complete, and truthful information regarding her knowledge, conduct, and actions while involved in health care and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the Defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing. In carrying out her obligations under this paragraph, Defendant shall neither minimize her own involvement nor fabricate, minimize or exaggerate the involvement of others. If the Defendant intentionally provides any incomplete or untruthful statements or testimony, her actions shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this Agreement.

7.     The Defendant shall provide the Probation Office and counsel for the United States with a full, complete, and accurate personal financial statement. If the Defendant provides incomplete or untruthful statements in her personal financial statement, this action shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this Agreement.

8.     Provided that the Defendant commits no new criminal offenses and provided that she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that the Defendant receive a two-level reduction for acceptance of responsibility

Initials _____     4

pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the United States and Probation of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this Plea Agreement; or (3) commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The United States reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

10. The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or

Initials

5

subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant.

11. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 11 of this Agreement, should the United States exercise its discretion to file such a motion.

12. The Defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

    a. that the Defendant knowingly and willfully made a materially false, fictitious, or fraudulent statement or representation, as charged in the Superseding Information; and

    b. that the Defendant's materially false and fraudulent statement resulted in a loss to the United States Small Business Administration of more than $40,000, but not more than $95,000.

13. Based on the foregoing, the United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing

 Initials

6

Guidelines. Although not binding on Probation or the Court, the United States and the Defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guideline range in this case. The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the Sentencing Guidelines.

14.     The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)     Base Offense Level:  That the Defendant's base offense level is six (6), in accordance with U.S.S.G. § 2B1.1; and

(b)     Loss:  That the Defendant's offense level shall be increased by six (6) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(D) because the loss amount was more than $40,000 but less than $95,000.

**TOTAL OFFENSE LEVEL – UNADJUSTED**                                    <u>12</u>

(c)     Acceptance of Responsibility:  That the Defendant's offense level shall be decreased by two (2) levels pursuant to U.S.S.G. §§ 3E1.1(a) because the Defendant has demonstrated acceptance of responsibility for her offense.

(d)     Zero-Point Offender:  The United States and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that, pursuant to U.S.C. § 4C1.1, the Defendant's offense level should be reduced by

Initials P fr                                    7

two levels to reflect the Defendant's status as a zero-point offender, provided that the Defendant meets all the criteria set out in U.S.S.G. § 4C1.1(a)(1)-(10).

**TOTAL OFFENSE LEVEL – ADJUSTED**                    <u>8 (0-6 months)</u>

(e)     the parties, although not binding on the Court, agree to a sentence of 1 years' probation.

(f)     the Defendant agrees that she will not work in the substance abuse treatment industry for her term of probation.

15.     The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

16.     In furtherance of the collection of the restitution judgment, the Defendant also specifically agrees to the following:

a.     The Defendant agrees that within 10 calendar days of the signing of this Plea Agreement, the Defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which she has any interest and/or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, whether located within or outside of the United States. The Defendant also agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office and U.S. Probation Office, and upon request, to meet in person to identify assets/monies which can be used to satisfy the Forfeiture

Initials _____                    8

Money Judgment and/or the restitution judgment. In addition, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report.

b. The Defendant agrees that she will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until the Forfeiture Money Judgment and her restitution judgment are paid in full. The Defendant shall also identify any transfer of assets valued in excess of $5,000.00 since the date of her Indictment or when she became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

c. The Defendant also agrees to cooperate fully in the investigation and the identification of assets to be applied toward restitution. The Defendant agrees that providing false or incomplete information about her financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

d. The Defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the restitution judgment in full, or full payment in the shortest amount of time, as requested by the Government.

Initials                     9

e.      The Defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances that affects the ability to pay the restitution judgment.

17.      The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by her criminal conduct pursuant to 18 U.S.C. § 3663A. Furthermore, the Defendant stipulates that she owes restitution in the amount of $54,946.

18.      The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or Probation, is a prediction, not a promise, and is not binding on the United States, Probation or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

19.      The Defendant is aware that Title 18, United States Code, Section 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the

Initials                                      10

undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. In addition to the foregoing provisions, the Defendant hereby waives all rights to argue on appeal that the statute to which the Defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. The Defendant further understands that nothing in this Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the Defendant acknowledges that she has discussed the appeal waiver set forth in this Agreement with her attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

20.     For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does not release Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

Initials                     11

21. Defendant agrees that if she fails to comply with any of the provisions of this Agreement, including the failure to tender such Agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this Agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – the Government is free under this Agreement to seek an increase in the offense level based on that post-Agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by her pursuant to this Agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

Initials

12

22.     This is the entire Agreement and understanding between the United States and the

Defendant.  There are no other agreements, promises, representations or understandings.

JASON A. REDING QUINONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

LORINDA S. LARYEA
CHIEF, CRIMINAL DIVISION,
FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Date: 1/23/26                    By:     _____
                                         JAMES V. HAYES
                                         ASSISTANT CHIEF
                                         CRIMINAL DIVISION, FRAUD SECTION
                                         U.S. DEPARTMENT OF JUSTICE

Date: 1/23/26                    By:     _____
                                         ANGELICA PACHECO
                                         DEFENDANT

Date: 1/23/26                    By:     _____
                                         KATHLEEN MOLLISON
                                         COUNSEL FOR ANGELICA PACHECO

Initials _____                       13